CHARLES EK v. ST. PAUL PERMANENT LOAN COMPANY.[1]

November 1, 1901.

Nos. 12,658—(14).

## Constitution, Art. 4, § 27.

The constitutional limitation that no law shall embrace more than one subject, which shall be expressed in its title, must be construed liberally, to accomplish the purpose for which it was intended, viz., to prevent the use of a statutory title as a trick or artifice to secure legislation upon matters dissimilar and not reasonably or naturally connected with the expressed purpose of such title.

[1] Reported in 87 N. W. 844.

City of St. Paul—Sp. Laws 1891, c. 12.

> Sp. Laws 1891, c. 12; entitled "An act to amend the charter of the city of St. Paul in relation to the duties and powers of the board of public works of said city" reasonably suggests in its title the subject of improvements over which such board has plenary supervision, and which are effectuated and connected with the incidental duty of the city treasurer in issuing certificates on special assessment sales.

Same—Constitution.

> The title to the chapter last cited and section 6 of such chapter considered in connection with various charter provisions of the city of St. Paul, and *held* not obnoxious to the constitutional limitation forbidding a legislative enactment to "embrace more than one subject, which shall be expressed in its title" (Const. art. 4, § 27).

Action in the district court for Ramsey county to determine adverse claims to vacant and unoccupied land. The case was tried before Jaggard, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*James E. Markham* and *Franklin H. Griggs,* for respondent.

LOVELY, J.

Action to determine adverse claims to vacant lots in St. Paul. Defendant asserted title by virtue of certificates issued by the city treasurer upon tax judgments for local improvements made under the authority of the board of public works in pursuance of the municipal charter. This action was tried to the court, who made findings of fact, and held, as a conclusion of law, that the certificates referred to were valid and subsisting liens upon the property. A motion for a new trial was denied, and plaintiff's appeal brings the record here for review.

Upon this appeal it will only be necessary to consider whether the certificates above referred to were invalid upon the ground that they were not severally acknowledged and signed by two witnesses, as required by the provisions of the city charter prior to 1891, but which requirement, under defendant's claim, had been dispensed with by Sp. Laws 1891, c. 12, § 6. It is urged by plaintiff that the latter statute is a violation of the provision of the state

constitution which declares that no law shall embrace more than one subject, which shall be expressed in its title. Const. art. 4, § 27.

It may be briefly stated as the result of our examination of the provisions of the city charter previous to the act which is in controversy, that at the time of the enactment of Sp. Laws 1891, c. 12, § 6, it was the duty of the city treasurer, in the issuance of certificates authorized by the provisions therein upon a sale to pay assessments on lots sold for local improvements, to issue certificates to the purchaser, which had to be acknowledged, and attested by two witnesses. These provisions were first enacted in 1874 by the amended charter of that year, wherein a board of public works was constituted, which board was organized as an executive department of the municipal government. Sp. Laws 1874, c. 1, subc. 6. By subchapter 7 of the same act, local improvements and special assessments were provided for. Section 44 of such subchapter requires the issuance of certificates of sale to be made and subscribed by the city treasurer when delivered to the purchaser.

In 1875 an act was passed to reduce the law incorporating the city of St. Paul, and the several acts amendatory thereof, which modified many of the provisions of the law of 1874, particularly in reference to the duties of the board of public works, which were changed and increased by numerous amendments relating to local improvements. Section 44 of subchapter 7 was therein amended so as to provide that the certificate of sale issued by the treasurer should be subscribed by him under seal, duly acknowledged before a notary public, and signed by two witnesses.

By Sp. Laws 1887, c. 7, entitled "An act to amend chapters 6 and 7 of an act entitled 'An act to reduce the law incorporating the city of St. Paul,'" the legislature framed anew subchapters 6 and 7 of the amended charter of 1874 as the same had been amended in 1875, relating to the organization, powers, and duties of the board of public works, and particularly with reference to local improvements, the award of damages, and the levy of special assessments for benefits to the property owner. In this latter act, chapter 7, § 44, above referred to, was again incorporated, prac-

tically containing the same condition requiring acknowledgment by the city treasurer and the attestation of two witnesses.

Numerous acts amendatory of the city charter were enacted in 1891, among them chapter 12, the act made the subject of appellant's contention on this review for its alleged ineffective title. It was entitled

"An act to amend the charter of the city of St. Paul in relation to the duties and powers of the board of public works of said city."

This act contains six sections, in none of which is the board of public works specifically designated by name, but each of them refers to matters over which such board has plenary supervision and general control, not exclusively, but to a larger extent than any other department or officer of the city. Section 6, by proper terms, dispenses with the requirement contained in section 44 of subchapter 7 of the amended charter of 1887 requiring the acknowledgment and signature of witnesses.

Under the claim of appellant the particular fault found with the title of this act is that it does not refer to the duties of the treasurer specifically by name. If this was necessary it must be conceded that the law was invalid, but when we examine the charter provisions of the previous acts referred to, as amended in 1887, we find that the general subject of assessments for and work upon local improvements was again committed to the board of public works by subchapter 7; it being required, after such improvements were ordered by the common council, that such board calculate the grade of the street, direct its survey, make a profile of the change, and assess damages and benefits upon condemnation therefor, with other requirements absolutely necessary to effectuate the proposed improvement.

In fact each provision of this chapter relates to the performance of some duty incidental and essential to give effect to the acts of such board. The duties of the board of public works therein have not been inaptly compared by counsel to the hopper of a mill through which all works of improvement were to be reduced to practical utility. The act (Sp. Laws 1891, c. 12) might well have

been entitled "An act to provide for local improvements in the city of St. Paul," and we do not see why the actual title of the act which involves directly the duties of the board of public works, without which the improvements could not be accomplished, would not be an equivalent to such suggested title, so far as it reasonably tends to call practical attention to any incident of such improvements over which it has control. In the issuance of the certificate by the treasurer, he acts as the official agent of the city and of its board of public works in a matter over which such board has supervision. Such certificate is a clerical duty, merely intended to give force and effect to the acts of the board in that respect.

The construction of section 27, article 4, of the constitution has several times received the consideration of this court. In the language of Justice BROWN, "in determining the purpose of a statute, we must look to all its parts, not merely the title." Lien v. Board of Co. Commrs., 80 Minn. 58, 82 N. W. 1094. Its purpose has been stated by the present chief justice to be "to secure to every distinct measure of legislation consideration solely upon its individual merits, by preventing the combination of different measures, dissimilar in purpose and character, for the purpose of securing the necessary support for their passage, and to prevent fraud upon the people and the legislature by including in an act provisions of which its title gives no intimation. It was not intended to embarrass legislation by making laws more restrictive in their scope and operation than is reasonably necessary in order to conserve the purpose for which the constitutional limitation was adopted." Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; citing, in support of that general view, Board of Supervisors v. Heenan, 2 Minn. 281 (330); State v. Kinsella, 14 Minn. 395 (524); Atkinson v. Duffy, 16 Minn. 30 (45); State v. Cassidy, 22 Minn. 312; Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637; Minnesota L. & T. Co. v. Beebe, 40 Minn. 7, 10, 41 N. W. 232; City of Winona v. School Dist. No. 82, 40 Minn. 13, 41 N. W. 539; Allen v. Pioneer Press Co., 40 Minn. 117, 41 N. W. 936; Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; State v. Chapel, 63 Minn. 535, 65 N. W. 940; First Nat. Bank v. How, 65

Minn. 187, 67 N. W. 994; State v. Board of Commrs. of Red Lake Co., 67 Minn. 352, 69 N. W. 1083; State v. Phillips, 73 Minn. 77, 75 N. W. 1029.

Under the authorities referred to we must adopt the view that the constitutional restriction relied upon by plaintiff should be liberally construed, and, if it appears from such a construction that its title reasonably directs attention to the subject of the act or its provisions, and is not a "cloak" or artifice for legislation upon dissimilar matters, but refers to matters intelligently, reasonably, and naturally connected therewith, or suggested thereby, the subject as expressed in such title is sufficient. In view of the fact that the duties of the official agent of the board of public works are of a clerical nature, executed to give effect to its previous actions, it is difficult to see how the legislature could have been misled by its title in the enactment of the section objected to.

We must therefore hold that there is such relation between the title and the specific object of Sp. Laws 1891, c. 12, § 6, that it is not obnoxious in spirit to the constitutional limitation referred to. A ruling to the contrary would make it necessary to embrace in the title of very many acts of a public character, in which numerous details of municipal government are provided for, a complete and extensive index of all its sections, which would abrogate a large number of our city charters and useful laws.

The order of the trial court denying a new trial is affirmed.