STATE ex rel. P. S. JONASON v. F. M. CROSBY and Another.[1]

May 13, 1904.

Nos. 13,865—(14).

**Drainage Act.**

Chapter 38, p. 90, Laws 1902, authorizing the district courts to establish and provide for the construction of ditches to drain wet and overflowed land, where the same extends into two or more counties, is not unconstitutional, as conferring legislative powers and functions upon the judicial department of the state; and the title thereof is held a sufficient compliance with the constitutional requirement that the subject-matter of statutory enactments be expressed in their title.

**Writ of Prohibition.**

Writ of prohibition is an appropriate remedy only in cases where the inferior court or tribunal to which it is sought to be issued is proceeding in some matter over which it possesses no rightful jurisdiction, or is exceeding its powers in a matter over which it has jurisdiction.

---

[1] Reported in 99 N. W. 636.

**Same.**

> Irregularities and defects in a proceeding over which the inferior court or tribunal may lawfully exercise jurisdiction cannot be reviewed by writ of prohibition. It is a preventive, not a corrective, remedy.

Order issued by the supreme court upon relation of P. S. Jonason, requiring respondents, as judge and clerk respectively of the district court for Chisago county, to show cause why a writ of ·prohibition should not issue restraining them from further proceeding in the matter of establishing a drainage ditch. Order discharged.

*P. H. Stolberg,* for relator.

Chapter 258, Laws 1901, as amended by chapter 38, Laws 1902, is unconstitutional and void so far as said chapter as amended attempts to confer on district courts and the judges and clerks thereof jurisdiction or power to order the establishment of ditches or drains. The act of 1901 does not confer this on judges but only on county commissioners and other officers. A new subject, not expressed in the title of the act, is injected by sections 35 to 40 inclusive of chapter 38, Laws 1902, in making district-court judges ditch commissioners, and in attempting to provide for ditches running through two or more counties. This is in violation of the constitutional provision that no law shall embrace more than one subject, which shall be expressed in its title. Const. Art. 4, § 27; Mississippi & R. R. Boom Co. v. Prince, 34 Minn. 79.

Sections 35 to 40 inclusive of said chapter 38, Laws 1902, are unconstitutional on the ground that said chapter and sections do not provide for anything judicial for the judge to determine. The powers and duties attempted to be conferred on district-court judges and clerks are administrative, legislative and political powers. State v. Simons, 32 Minn. 540; County of Dodge v. Acom, 61 Neb. 376; State v. Young, 29 Minn. 474; Foreman v. Board of Co. Commrs. of Hennepin Co., 64 Minn. 371. The statute under consideration is nothing more or less than an attempt by the legislature to delegate to the judiciary powers political or administrative in their character. Lynch v. Forbes, 161 Mass. 302; In re Cooper, 28 Hun, 515, 524; Chicago v. Town, 71 Ill. 333, 336; Barrett v. Kemp, 91 Iowa, 296.

The statutes under consideration are unconstitutional on the further ground that they deprive a citizen of the state rights and priv-

ileges secured to him, without a judgment of his peers.  Const. Art.
1, § 2.  They also deprive a person of his property without due process
of law.  Const. Art. 1, § 7.

A statute that provides for the service of process or proceedings on
resident land owners by publication requiring no personal service, is
unconstitutional and void.  Kundinger v. City, 59 Mich. 355;  State v.
Common Council, 42 Wis. 287;  In re Smith's Petition, 9 Wash. 85;
Bardwell v. Collins, 44 Minn. 97;  Webster v. Reid, 11 How. 437;
Brown v. Board, 50 Miss. 468;  People v. Board, 70 N. Y. 228;  Stuart
v. Palmer, 74 N. Y. 183;  State v. Billings, 55 Minn. 467, 474;  Davis
v. Board of Co. Commrs. of St. Louis Co., 65 Minn. 310.

*P. M. Qvist,* for respondents.

BROWN, J.

Proceedings were duly commenced in the district court of Chisago
county under the provisions of chapter 258, p. 413, Laws 1901, as
amended by chapter 38, p. 901, Laws 1902, for the purpose of establish-
ing a ditch extending from said county into Washington county.  Af-
ter certain steps had been taken therein, relator obtained from this court
an order to show cause why a writ of prohibition should not issue to
the court below, requiring it to desist and refrain from further steps
therein.

Two questions respecting the constitutionality of the act of the legis-
lature under which the proceedings are being conducted are presented
for our consideration.  Alleged irregularities and defects in the pro-
ceedings in the court below urged by counsel for relator cannot be con-
sidered.  To warrant a court in granting the extraordinary remedy of
prohibition, it must clearly appear that the inferior court or tribunal
to which it is directed is proceeding in some matter over which it pos-
sesses no rightful jurisdiction, or is exceeding its legitimate powers in a
matter over which it has jurisdiction.  It is a preventive, not a cor-
rective, remedy.  The only question reached by the writ, therefore, is
whether the inferior court or tribunal is wholly without jurisdiction,
or is exceeding its legitimate power and authority.  If it have no juris-
diction of the subject-matter, prohibition is a proper remedy;  but if
it have jurisdiction of the particular matter, and there is no claim that
it is exceeding its authority in the premises, the writ will not issue,

however defective its proceedings may be. All irregularities and defects must be reviewed in some other proceeding. So in the case at bar the constitutionality of the statute under which the court below is acting is the only question we are called upon to consider. Whether there were fatal irregularities in the steps taken, such as a failure to give the notices required by statute, is not a question that can be reviewed in this manner. So we pass the contentions of relator respecting some alleged defects in the proceedings without further remark.

It is contended (1) that the statute referred to, and under which the court below is acting (Laws 1902, p. 90, c. 38), is unconstitutional, for the reason that the title thereto is not sufficiently definite and specific, and (2) that the act is unconstitutional because an attempt is thereby made to confer upon the courts legislative and administrative powers.

Taking these two contentions in the order stated, we consider first the sufficiency of the title of the act of 1902. The title is as follows:

> An act to amend chapter 258 of the General Laws of 1901, entitled "An act providing for the drainage of lands, in certain cases, prescribing the powers and duties of county commissioners and other officers in the premises, and appropriating funds for the payment of assessments against state lands affected thereby, and prescribing penalties for the violation thereof, and repealing certain acts therein mentioned and referred to."

It will be observed that this title, so far as expressing the subject-matter of the act; is identical with that of the original act (Laws 1901, p. 413, c. 258), which it amends. Following the title of the amendatory act are several sections changing and modifying in some respects the original statute, and then follows section 21 (Laws 1902, p. 104, c. 38), which provides

> That said chapter two hundred fifty-eight (258) is hereby further amended by adding after section thirty four (34) thereof the following sections.

Then follow sections 35–41, inclusive. The original statute conferred the power and authority to establish and provide for the construction of ditches and drains upon the county commissioners of the several counties of the state; and the purpose of the act of 1902, in addition to the numerous amendments made thereby, was to extend the

same authority and power to the district courts where the proposed ditch or drain extended into two or more counties, and this authority is the subject-matter of the sections added to the statute by the act of 1902. The title to the act contains no reference whatever to the district courts, or to the fact that authority to establish and construct ditches and drains was intended thereby to be conferred upon the courts. But we are of opinion that the title is sufficient. The subject-matter of both acts is the establishment of drains and ditches, and it was not necessary or essential to include in the title specific reference to the person or officer authorized to conduct the proceedings thereby provided for.

This question was in a measure involved in the case of Ek v. St. Paul Permanent Loan Co., 84 Minn. 245, 87 N. W. 844, and is there discussed at some length. We follow and apply the rule of that case, and hold that the title is sufficiently definite and specific, and meets all requirements of the constitution requiring the subject of statutory enactments to be expressed in the title.

The second contention is that the act is unconstitutional and void, because an attempt on the part of the legislature to confer upon the judicial department of the state functions of a legislative character.

The marked tendency of legislation in recent years, not only in this state, but in other states, has been, to a large degree, to break away from the theory of three separate and independent departments of government, by imposing upon other departments duties and powers of a legislative character, which the courts have been inclined to sustain. Perhaps few, if any, cases are to be found, however, where statutes imposing purely legislative duties and powers upon the courts have been upheld; but the authorities are numerous, sustaining statutes which impose upon the courts powers involving the exercise of both judicial and legislative functions—such as the condemnation of land for public purposes, the appointment of commissioners of election in proceedings for adding territory to municipal corporations, and laying out and establishing highways. The proceedings provided for by the statute under consideration involve the exercise of both legislative and judicial powers. The question of the propriety or necessity of public ditches to drain marshy or overflowed lands is one of legislative character. The condemnation of land through which such ditches may be constructed, the assessment of damages, and the determination of the

legal rights to parties affected are judicial. The exercise of all these powers is involved in proceedings under this statute.

The power and authority to lay out and open public highways is legislative in its nature and essentials, and in no sense except in some details is it judicial. Yet we have sustained legislation providing for the laying out and opening of so-called judicial highways; statutes conferring upon the district courts of the state authority to lay out and open highways where they extend into two or more counties. State v. Ensign, 55 Minn, 278, 56 N. W. 1006; State v. Macdonald, 26 Minn. 445, 4 N. W. 1107. If a statute of that nature be within constitutional limitations and valid, and it was sustained in the cases cited, no reason occurs to us why a statute conferring upon the district courts power to lay out and establish ditches and drains should not also be held valid. Though the power and authority in each case is legislative in character, in carrying out and applying the statute the exercise of judicial functions is also involved. No distinction can be made between the judicial highway and the judicial ditch constructed for the purpose of draining, for the public benefit and welfare, marshy or overflowed lands. There being no logical distinction, the statute under consideration must be sustained, or we must overrule the cases just cited. We prefer to follow those decisions and sustain this statute.

The question of the validity of statutes of the kind is fully discussed in the case of State v. Ensign, supra, and reference is made to that decision for the reasons leading the court to that conclusion. The question was also involved and discussed at some length in the case of McGee v. Board of Co. Commrs. of Hennepin Co., 84 Minn. 474, 88 N. W. 6, where legislation of a substantially similar character was upheld in an instructive opinion by Justice LOVELY.

The other points urged by relator are fully disposed of in the case of State v. Board of Co. Commrs. of Polk Co., 87 Minn. 325, 92 N. W. 216, and need no further discussion. Reference is made to that decision, which we adhere to in all respects.

It follows that the order to show cause must be, and is, discharged.