# CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY v. VILLAGE OF LE ROY.[1]

December 19, 1913.

Nos. 18,365—(216).

**Village — act applicable.**

1. *Held,* following State v. Cornwall, 35 Minn. 176, that by chapter 14, Sp. Laws 1876, the village of Le Roy became incorporated as a village under and subject to the provisions of the general village act of 1875, the same being chapter 139, general laws of that year, and therefore comes within the scope of section 2, chapter 145, Laws 1885.

**Same.**

2. Chapter 145, Laws 1885, relating to the incorporation of villages, and providing that all villages theretofore incorporated under the general statutes of the state should be governed by the provisions thereof, though repealed by section 5536, R. L. 1905, nevertheless by force of section 698, R. L., remains in force as to existing villages, which were not reincorporated as provided for by section 699, R. L. 1905.

**Necessity of new street.**

3. The evidence supports the verdict to the effect that a proposed new street over the railroad right of way is a public necessity.

**Cost of new street.**

4. The entire cost and expense of extending the new street across the right of way, including necessary planking over the railroad tracks, was properly imposed upon the railroad company; following State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, and Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, 115 Minn. 460, and overruling upon this point State v. District Court for Hennepin County, 42 Minn. 247.

[1] Reported in 144 N. W. 464.

From the award of damages in the condemnation of land belonging to the Chicago, Milwaukee & St. Paul Railway Co. in certain proceedings to extend a street in the village of Le Roy across the right of way of the company, that company appealed to the district court for Mower county. The appeal was heard in the district court before Kingsley, J., who denied plaintiff's motion for a dismissal of the proceeding for want of jurisdiction of the court and its motion for a directed verdict in its favor, and a jury which returned a verdict that it was a public necessity to take for street purposes the land described in the proceedings and assessed the damages to be paid by the village of Le Roy at $550. From an order denying plaintiff's motion for judgment in its favor notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Catherwood & Nicholsen,* for appellant.
*Sasse & French,* for respondent.

BROWN, C. J.

The village council of the village of Le Roy, in Mower county, duly adopted a resolution laying out and establishing a street over and across the right of way of appellant, the proceeding being conducted under the provisions of chapter 145, p. 148, Laws 1885. The questions in issue were heard before a justice of the peace and a jury where the right of the village to open the street was affirmed. The railroad company appealed to the district court where a verdict was returned again sustaining the proceeding. The company then moved in the alternative for judgment notwithstanding the verdict or for a new trial, and appealed from an order denying the same.

It is contended by appellant: (1) That the village of Le Roy is without authority to lay out or establish public streets or highways, and therefore that the proceedings are a nullity and should be dismissed; (2) if it have such authority, that there exists no public necessity for the street in question, and that the verdict of the jury affirming such necessity is without support in the evidence; and (3) that the trial court erred in excluding certain evidence of damages sustained by the appellant, resulting from opening the street across its tracks.

We are unable to sustain either of these contentions.

1. The village of Le Roy was incorporated by chapter 14, p. 77, Sp. Laws 1876, which declared that the territory therein described "is hereby set apart and incorporated as the village of Le Roy, under the provisions of chapter one hundred and thirty-nine of the general laws of 1875." Neither the act incorporating the village, the special law just cited, nor chapter 139, p. 170, Laws 1875, by which its municipal authority was intended to be measured, conferred any power upon the village to lay out or establish public streets or highways, and herein is found the basis of the claim that the village is now without such power. The contention is sound, unless the village continued as a municipal corporation after 1885 under and with the power and authority conferred by chapter 145 of the laws of that year, which expressly grant this power to villages incorporated thereunder. That statute was intended as a general law for the incorporation of villages of the state, and the reincorporation of existing villages by a compliance with the provisions thereof, though the statute provided that existing villages incorporated under special laws should continue thereunder, unless they elected to reincorporate under that act.

It is the contention of appellant that the village of Le Roy was incorporated under a special law and, since it was never reincorporated under the act of 1885, its sole authority must be found in the act of incorporation. On the other hand respondent contends that it was in fact incorporated under the general village act of 1875, and that its continuance as a village was provided for by section 2 of the act of 1885. We sustain respondent's contention. In fact the precise question was involved in the case of State v. Cornwall, 35 Minn. 176, 28 N. W. 144, and it was there held that the village of Pine Island, incorporated by special act, substantially like that incorporating Le Roy, was incorporated under the general laws of 1875, and was continued as a village by force of section 2 of the act of 1885. The facts in respect to both villages are substantially the same, and the case referred to controls that at bar. The question is there discussed and requires no further comment. See also Flynn v. Little Falls Ele. & Water Co. 74 Minn. 180, 77 N. W. 38, 78 N. W. 106. While,

as appellant contends, the act of 1885 was expressly repealed by the general statutory revision of 1905, (section 5536), such repeal was subject to the qualifications found in section 698, R. L. 1905, wherein it is provided that until reorganized, as provided for by section 699, the several villages, existing as such at the time the revised laws took effect, whether under special or general law, "shall continue thereunder and in all things continue to be governed by such general or special laws." The effect of the general repeal of the act of 1885, coupled with this reservation, was to repeal the act as to future incorporations, but to continue it in force as to existing villages. It follows, therefore, since chapter 145 grants to villages, organized thereunder or governed thereby, the power to lay out and establish streets and highways, that the village of Le Roy possesses the power and may rightfully exercise it.

2. It is contended that there is no public necessity for the establishment of this particular street, and that the verdict of the jury to the contrary is manifestly against the evidence. In this we do not concur. The question of public necessity in such cases is legislative and to be determined by the tribunal to which it is delegated. The authority of the court in the review of such determination is limited to the inquiry whether the evidence upon the question is practically conclusive that no public necessity exists for the improvement. Fohl v. Common Council of Village of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1097; Minneapolis & St. Louis R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423; School District No. 40 v. Bolstad, 121 Minn. 376, 141 N. W. 801. See also citations in 22 L.R.A.(N.S.) 71. Our examination of the record in the case at bar discloses sufficient evidence to sustain the verdict.

3. At the trial below appellant offered to show, as elements of the damage it claimed to be entitled to recover for laying the street over its right of way, the cost of planking the crossing, the cost of sidewalks, and for culverts and drainage. All this evidence was excluded, and appellant's damage limited to the value of the land taken for the new street. The rulings of the court in this respect are challenged as error, for which it is claimed a new trial should be granted.

The contention of appellant that it is entitled to at least some of these items is sustained by the case of State v. District Court for Hennepin County, 42 Minn. 247, 44 N. W. 7, and reliance is placed thereon in support of the appeal.   The decision in that case, however, no longer expresses the law of the state upon this particular question, for it was in effect overruled in Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, 115 Minn. 460, 133 N. W. 169.   The fact that the decision in State v. District Court for Hennepin County upon the particular point was not in harmony with the rule applied by the great majority of the courts, both state and Federal, was pointed out in State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 108 N. W. 261.   In that case we held that the overhead bridge there in question was wholly a safety device, the entire expense of which could lawfully be imposed upon the railroad company, and the rule of State v. District Court for Hennepin County, as to the cost of planking the crossing, was not in point, yet we took occasion to say that it was in direct conflict with the decision of other courts.   But in the case of Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, just referred to, the elements of compensation claimed by the railroad company extended far beyond the matter of mere safety, yet the entire cost was held properly imposed upon the railroad company, notwithstanding the rule laid down in State v. District Court for Hennepin County.   It was again pointed out by Mr. Justice Simpson that the rule of that case was not in accord with the authorities, and the decision rendered was a distinct departure from that case.   So that as heretofore stated State v. District Court for Hennepin County should be understood as overruled.   The reasons leading to this conclusion are so fully stated in the later decisions as to render further elaboration unnecessary.   And we hold, without further discussion, that appellant is not entitled to the damages claimed and that the trial court properly excluded evidence thereof.

Order affirmed.