## JAMES BRAZIL v. COUNTY OF SIBLEY.[1]

### March 28, 1918.

### No. 20,753.

**Highway — appeal from municipal board — when decision as to propriety of improvement is not reversible.**

1. In proceedings for the establishment of public improvements, authorized by law to be heard and determined by local municipal boards and officers, all questions in respect to the propriety and necessity of the particular improvement are legislative in character and the determination thereof by the local tribunal is final and will be set aside by

[1]Reported in 166 N. W. 1077.

the court on the statutory appeal only when it appears that the evidence is practically conclusive against it, or that the local board proceeded on an erroneous theory of the law, or arbitrarily and against the best interests of the public.

**Same — such question not tried de novo.**

2. The appeal does not bring up such matters for determination by the court de novo, and the trial court erred in submitting the same to the jury in this cause as an original question.

**Same — specific questions may be put to jury.**

3. In appeals in highway proceedings the court, in its discretion, may submit specific issues to a jury, as in civil actions.

From an order of the county commissioners of Sibley county denying a petition to change a county road, James Brazil appealed to the district court for that county. The appeal was heard before Tifft, J., and a jury which found in favor of appellant. From an order denying its motion for a new trial, the county of Sibley appealed. Reversed.

*A. L. Young,* County Attorney, and *Young & Quandt,* for County of Sibley.

*T. O. Streissguth* and *W. C. & W. F. Odell,* for James Brazil.

BROWN, C. J.

A petition under the statute for a change and alteration of an alleged existing public highway was duly presented to the board of county commissioners of Sibley county, the prayer of which after due hearing and consideration was denied and the proceeding dismissed. An interested landowner under section 2548, G. S. 1913, appealed to the district court of the county where in the due course of procedure a trial was had before a jury, resulting in a verdict reversing the decision of the county board, and ordering that the proposed change in the highway be made as prayed for in the petition. The cause was brought to this court by an appeal from an order denying a new trial.

The assignments of error present two principal questions, namely: (1) Whether the trial court erred in directing a submission of the issues to a jury; and (2) whether there was error in the instructions as to the character of the issue to be determined.

1. The statute regulating the hearing of appeals of this kind (section 2550, G. S. 1913), does not expressly prescribe the manner of trial, whether by the court or by a jury, though both methods are thereby plainly recognized. But, in view of the fact that the statute requires the appeal to be brought to trial at a general term of the court, it seems clear that the legislature contemplated a trial in harmony with the usual court procedure, which would at least vest in the court the discretionary power to order the submission of all or any specific issue to a jury, as in ordinary civil actions. Section 7792, G. S. 1913. This is particularly true where the question of damages is involved, though there may be no absolute right to such a trial. Board of Water Commissioners v. Roselawn Cemetery, 138 Minn. 458, 165 N. W. 279. We so construe the statute. But in view of the restricted nature of the question presented, where the appeal brings up for review only the correctness of the decision of the lower tribunal as to the propriety and necessity of the proposed improvement, as will be presently stated, the most appropriate procedure would seem to be a trial without a jury. There might be some difficulty in impressing upon the mind of the jury the precise scope and extent of their duty in such a case. But whether the question should be so submitted must rest in the sound judgment of the trial court.

2. The primary question presented to the county board in this case was whether public interests justified the proposed change in the highway, and, if made, whether public convenience would be promoted thereby. The board decided the question in the negative and dismissed the petition. It was assumed on the trial of the appeal below that the same question was before the court, and the jury was instructed that in disposing of it they should consider the evidence and come to a conclusion without regard to the determination of the county board, "that is, you are to determine this question just as you would determine it, were it submitted to you in the first instance." In thus presenting the case to the jury the learned trial court was in error.

The question whether public interests require or will justify a particular improvement of the character of that here involved is legislative in character and in no proper sense judicial. The determination thereof may be delegated by the legislature to local municipal boards and administrative officers, but cannot be conferred upon the courts, except in spe-

cial instances where a determination thereof is incidental to the exercise of its jurisdiction in a proceeding properly of judicial cognizance. State v. Crosby, 92 Minn. 176, 99 N. W. 636; State v. Ensign, 55 Minn. 278, 56 N. W. 1006. The rule applies to all public works and improvements involving an exercise of legislative judgment and discretion which are committed to local municipal control, including highway, drainage and other proceedings for the taking of private property for a public use, and the organization of public corporations or their consolidation. State v. Simons, 32 Minn. 540, 21 N. W. 750; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723; Sorknes v. Board of Co. Commrs. of Lac qui Parle County, 131 Minn. 79, 154 N. W. 669; School District No. 40, Rock County v. Bolstad, 121 Minn. 376, 141 N. W. 801; Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095; Webb v. Lucas, 125 Minn. 403, 147 N. W. 273; Fohl v. Common Council of Village of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1087; Minneapolis & St. Louis R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423; Chicago, M. & St. P. Ry. Co. v. Village of Le Roy, 124 Minn. 107, 144 N. W. 464. In all instances where an appeal from the determination of the local tribunal has been provided for, by which an aggrieved party may remove to the district court the entire proceeding and all questions presented therein, including that of public interests, in considering the same we have uniformly applied the rule stated, and as respects the question of propriety and necessity limited consideration of the appeal to the inquiry whether the local board acted arbitrarily and in disregard of the best interests of the public, or upon an erroneous theory of the law, or whether the evidence is practically conclusive against the order appealed from. Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152. And as remarked by Mr. Justice Hallam in Hunstiger v. Kilian, supra, any attempt by the legislature to confer greater authority upon the courts in such proceedings would be unconstitutional. The case of Minneapolis & St. Louis R. Co. v. Village of Hartland, supra, involved substantially the question here before the court, and it was held that the decision of the local tribunal could not be disturbed since the evidence was not conclusive against it. There is nothing in the case at bar to distinguish it from those cited, and we follow and apply the rule there laid down. The appeal in such pro-

ceedings does not bring up the question of public necessity for trial de novo.

It follows that the instructions of the learned trial court were erroneous, and there must be a new trial.

Order reversed.