IN RE PROCEEDINGS FOR ALTERATION OF A PUBLIC
ROAD RUNNING INTO THE COUNTIES OF
FILLMORE AND HOUSTON.[1]

January 12, 1923.

No. 23,154.

Towns not bound to open highways for travel under 1921 Act.

In a proceeding under Laws 1921, c. 323, for laying out and altering
public highways running into two counties the order of confirmation
should not cast upon the town organizations through which the high-
ways pass the obligation of opening them for public travel, nor relieve
the counties therefrom.

Upon the relation of the town of Money Creek and the town board
of that town the supreme court granted its writ of certiorari direct-
ed to the district court for Fillmore county and the Honorable John
F. D. Meighen, judge thereof, to review the order of that court
directing the opening of certain highways for public travel. Modi-
fied.

*E. V. Knauf* and *Brown, Somsen & Sawyer*, for relators.
*William E. Flynn*, County Attorney of Houston County.
*Duxbury & Duxbury* , for respondents.

DIBELL, J.

Certiorari to review the orders of the district court of the Tenth
judicial district directing the opening of certain highways for public
travel by the town organizations through which they passed and
relieving the counties of Fillmore and Houston from the obligation
to build or construct.

On May 23, 1922, the district court laid out certain described high-
ways in the counties of Fillmore and Houston. The portion of the
trial court's order important here is as follows:

"And it is further ordered, that the highways laid out as above
be opened for public travel by the town organization through which

[1]Reported in 191 N. W. 598.

the same passes forty days after the date of the making of this order, and that the respective counties of Fillmore and Houston have no obligation to build or construct the same, or any part thereof, and that the road vacated as above be not closed within two years of the time of the making of this order unless with the consent of the town organizations through which the same passes."

The proceeding was under Laws 1921, p. 406, c. 323. Subdivision 5 of section 41, p. 438, provides that "the order of confirmation, if a road be thereby established or altered, shall direct the time and manner of opening the same for public use. The clerk of court shall * * * transmit a certified copy of the order to the auditor of each county through or into which such road passes; upon receipt of such order the county board shall proceed in accordance with its terms to open so much of the road as lies within its county for public use."

No question is made as to the action of the court in laying out the highways. The contention is that the counties could not be relieved of the expense of opening the roads and that such expense could not be cast upon the town organizations. This contention must be sustained. The statute does not make the towns liable; it does make the counties liable. Subdivision 4 of section 41 [p. 438] provides that "such damages, when finally determined, and all expenses incurred in the establishment, alteration or vacation, including compensation for right of way, shall be paid by the counties through, into or between which such road passes, each county paying its just proportion, as determined by the court." There are other relevant provisions of the statute which we do not cite.

The county attorney argues that subdivision 5, in part quoted above, does not command the counties to build or construct the highways opened, by grading, draining, bridging and the like, and that its construction is an administrative and legislative function not to be controlled by the court. This contention may be true. The statute need not be interpreted now.

The order should be modified by striking out the portion of it casting upon the town organizations the duty of opening for travel the highways laid out and relieving the counties of Fillmore and Houston from all obligation to build or construct; and requiring each of

the counties to open so much of the road as lies within its limits. Further proceedings may be had in the court below not inconsistent with this opinion.

Order modified.