IN THE MATTER OF LOCATION OF JUDICIAL ROAD RUNNING THROUGH AND INTO COUNTIES OF SCOTT AND LE SUEUR.
CORNELIUS MAHONEY AND OTHERS v. J. P. KELLEY AND OTHERS.[1]

July 13, 1923.

No. 23,545.

**Description of judicial road sufficient.**

1. The petition for a judicial road which states that it begins at a given point and extends due south on designated section lines to a given point sufficiently describes the road, although there may be correction lines which will vary the road from a due south course.

**Jurisdiction obtained over county.**

2. Service of a summons on a county as provided in section 7733, G. S. 1913, is sufficient to confer jurisdiction, although such service was not made during or within 10 days before a session of the county board.

[1] Reported in 194 N. W. 775.

**Survey over existing road unnecessary.**

3. There was no need to estimate costs and damages or make a formal survey of that part of the road which ran on a township line over an existing road already constructed.

**Validity of proceeding not affected by order for further hearing.**

4. The fact that the court did not fix the time and manner of opening the road in the order establishing it, but directed a further hearing for the purpose of determining that question and the question as to the apportionment of costs and damages, did not affect the validity of the proceedings.

**Highway proceeding not invalid unless proof that road will not serve public purpose.**

5. The propriety of establishing a public highway is a purely legislative question. When a highway has been established in the manner authorized by the legislature, the necessity for it is presumed, and this presumption can be overcome only by showing conclusively that it will serve no public purpose.

Upon the relation of J. P. Kelley and 14 others the supreme court granted its writ of certiorari directed to the district court for Scott county and the Honorable C. M. Tifft, judge thereof, to review the action of that court in establishing a judicial road in Scott and Le Sueur counties. Order establishing the road affirmed.

*Jesse Van Valkenburg,* for relators.

*F. C. & H. A. Irwin* and *Moonan & Moonan,* for respondents.

TAYLOR, C.

Writ of certiorari to review the action of the district court of the Eighth district in establishing a judicial road in the counties of Scott and Le Sueur under and pursuant to section 41 of chapter 323, p. 436, of the Laws of 1921.

1. Relators assert that the description of the road in the petition is defective. As described in the petition it begins at a designated quarter-section corner and runs thence due south on the section lines, which in this case happen also to be township lines, to a designated section corner. The objection seems to be that a line running due south from the point of beginning may not coincide with these section lines as located by the government

survey, for the reason that it fails to take correction lines into account. The plat of the road shows that it runs along the township lines in a straight line from the point of beginning to the point of termination. If there be a correction line which would vary the direction or location of the section lines, that fact is not shown, and, even if it were, it would not invalidate the proceeding nor leave the location of the road uncertain.

2. The statute, subdivision 2, section 41, provides that a notice containing the petition and stating the time and place at which it will be presented to the judge shall be served on each county concerned in the same manner as a summons in a civil action, and that proof of such service shall be filed with the clerk before the hearing. The proof of service filed shows that this notice was served on the county auditor of each county on January 4, 1922. Relators contend that this proof of service is fatally defective because it fails to show that the service was made during or within 10 days preceeding a session of the county board as required by section 672, G. S. 1913. This provision was enacted in early days and still remains among the laws. But in the revision of the laws made in 1905, the section, G. S. 1913, § 7733, governing the matter of serving a summons on municipalities which previously had contained nothing relating to counties, was amended and now provides:

"Service of a summons upon municipal or quasi municipal corporations shall be made by delivering a copy thereof as follows:

1. * * *

2. If against a county, to the chairman of the county board or to the county auditor."

This statute contains no provision or restriction as to the time when such service may be made, and we are of opinion that the legislature, by inserting therein the provision for service on counties and omitting therefrom the requirement that such service be made during or within 10 days preceding a session of the county board, intended that the service of a summons on a county as therein provided should be sufficient to confer jurisdiction, although not made during or within 10 days before a session of the board. State ex rel. v. District Court of Red Lake County, 113 Minn. 298, 129 N.

W. 514; State ex rel. Village of Excelsior v. District Court, 107 Minn. 437, 120 N. W. 894.

3. Relators contend that the court was without authority to confirm the report of the commissioners laying out the road, for the reason that the commissioners made no survey of the south 2 miles of the road and made no estimate of costs or damages for that part of it. This contention is without merit. This part of the road runs on a township line over an existing road which had already been constructed and graveled.

4. On January 23, 1923, the court made an order confirming the report of the commissioners and establishing the road, and in this order directed that a further hearing be held on April 2, 1923, at which the court would apportion the costs and damages between the two counties and would determine the time and manner of opening the road for public use. The statute, subdivision 5, section 41, provides:

"The confirmation shall be final and the order of confirmation, if a road be thereby established or altered, shall direct the time and manner of opening the same for public use."

Relators contend that the order of confirmation is invalid because it failed to apportion the costs and damages and failed to fix the time and manner of opening the road. These omissions do not affect the jurisdiction of the court. If matters were omitted which should have been included in the order, the remedy is to apply to the court to amend the order by including them. But we see no reason why the court could not determine the question of establishing the road and then direct a further hearing for the purpose of determining the time and manner of opening it, and the apportionment of costs and damages. We do not think that a mandatory obligation to determine all the questions at the same time was imposed on the court.

5. Relators contend that there is no public necessity for the road and that the cost of constructing it will greatly exceed the benefits resulting from it. The court found "that public convenience will be subserved and promoted by the laying out and establishment of said road, and that said report of said commissioners should be confirmed."

Whether the statutory provision that the court at the hearing upon the report of the commissioners "may consider the propriety of establishing, altering or vacating such road, and may confirm or reject such report [Laws 1921, p. 438, subd. 5], authorized the court to exercise its discretion as to whether the road should or should not be established, it is not necessary to decide in this case, but as that is a purely legislative question it would be difficult to sustain the statute if it were to be given that construction. Statutes imposing on the courts the duty of conducting proceedings for taking property under the power of eminent domain, for establishing public draines and highways, and for many other purposes, are sustained on the theory that the court determines whether the facts and conditions prescribed by the statute exist, and, if found to exist, that the statute itself determines as a legislative act that public interests will be subserved by taking the property, establishing the ditch or road, or doing the other particular act authorized. State v. Flaherty, 140 Minn. 19, 167 N. W. 122.

As the necessity or propriety of establishing a public highway is a purely legislative question, when a highway has been established in the manner provided and authorized by the legislature, the necessity and propriety of establishing it is presumed and this presumption can be overcome only by showing conclusively that no necessity for it existed. Fohl v. Common Council of Sleepy Eye, 80 Minn. 67, 82 N. W. 1097; Minneapolis & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423; Obert v. Board of Co. Commrs. of Otter Tail County, 122 Minn. 20, 141 N. W. 810; Chicago, M. & St. P. Ry. Co. v. Village of Le Roy, 124 Minn. 107, 144 N. W. 464; State v. City of Montevideo, 142 Minn. 157, 171 N. W. 314. See also School District No. 40 v. Bolstad, 121 Minn. 376, 141 N. W. 801; State v. Flaherty, 140 Minn. 19, 167 N. W. 122; Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095; Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077.

No such showing is made in the present case. On the contrary the evidence was sufficient to justify the court in finding that the road would subserve and promote the public convenience. We find no other matters requiring special mention. The order establishing the road is affirmed.