IN THE MATTER OF THE PETITION OF JACOB KLOSSNER,
JR., AND OTHERS FOR THE ESTABLISHMENT
OF A JUDICIAL HIGHWAY.[1]

October 12, 1923.

No. 23,464.

**Review of order creating judicial highway.**

    1. The question of the necessity and propriety of the establishment
of a judicial highway under Laws 1921, c. 323, § 41, is legislative in
character, subject to a very limited judicial review; and the order of
the district court approving the report of the commissioners and estab-
lishing a highway is sustained.

**County not liable for construction of highway in another county.**

    2. The statute does not contemplate that one county shall contribute
to the expense of constructing the portion of a judicial highway in an-
other county. Each county is to construct the portion within its lim-
its. The order of the court so providing was right.

Upon relation of the county of Blue Earth and county of Brown
the supreme court granted its writ of certiorari directed to the
district court for Brown county to review the order of that court,
Olsen, J., establishing a judicial highway in the two counties. Af-
firmed.

    *F. E. Morse,* County Attorney of Blue Earth County, *Charles E.
Phillips* and *W. T. Eckstein,* County Attorney of Brown County, for
relators.

    *Somsen, Dempsey & Flor,* for respondent.

DIBELL, J.

Certiorari to review the order of the district court in establishing
a judicial highway in the counties of Blue Earth and Brown pur-
suant to Laws 1921, p. 436, c. 323, § 41.

    1. The necessity or propriety of establishing a judicial highway
is a legislative question. The most recent case involving the ques-

[1]Reported in 195 N. W. 284.

tion is In re Judicial Road, 156 Minn. 327, 194 N. W. 775, where the controlling principle is announced and the cases are collated. With the limited scope of permissible judicial review there is nothing justifying a disturbance of the result reached by the trial court.

2. The court ordered that each county pay the cost of the construction of the road within its. limits. This is claimed to be error by Blue Earth county, upon the ground that the most expensive portion of the construction is within its limits and that Brown should contribute.

Whether this question is properly raised by the writ issued upon the joint application of the two counties, we do not stop to consider.

Subdivision 5 of section 41 provides that if the court establishes a judicial highway it "shall direct the time and manner of opening the same for public use." A certified copy of the order is transmitted to the auditor of each county and "upon receipt of such order the county board shall proceed in accordance with its terms to open so much of the road as lies within its county for public use." We do not find that the statute provides machinery for the construction of a judicial highway as a joint project under the direction of the court, or that it intends that one county shall share the expense of constructing the highway in another. The provision of subdivision 4 that "such damages, when finally determined, and all expenses incurred in the establishment, alteration or vacation, including compensation for right of way, shall be paid by the counties through, into or between which such road passes, each county paying its just proportion, as determined by the court," refers to the items of damages and expenses incurred in the proceeding in the court resulting in the establishment of the highway. It does not refer to the cost of subsequent construction. By section 1, subdivision 3, the words "county roads," include "all roads lying within the county, or on the line between counties, established by judicial proceedings."

There is no error in the order requiring each county to construct the portion of the highway within its limits. The statute puts the burden there.

The effect of the provision of subdivision 5 relative to the opening of the highway was left open in In re Judicial Road, 156 Minn. 331, 191 N. W. 598, and need not be further considered.

Order affirmed.