## IN RE ALTERATION OF HIGHWAY IN COUNTIES OF FILLMORE AND HOUSTON.[1]

February 29, 1924.

No. 23,801.

**Highway Act of 1921 constitutional—authority of district court.**

Laws 1921, c. 323, § 41, providing for the establishment by the district court of a highway running into more than one county, is not unconstitutional as delegating legislative powers to the judiciary; and the district court in opening such highway may, under authority of the statute to "direct the time and manner of opening the same for public use," require the counties to make it "reasonably safe for public travel" within a time limit fixed.

Upon the relation of the county of Houston the supreme court granted its writ of certiorari directed to the district court for Fillmore county, Peterson, J. to review the order of that court in a judicial road proceeding. Affirmed.

*William E. Flynn* and *George W. Bunge,* for relator.

*E. V. Knauf* and *Brown, Somsen & Sawyer,* for respondents.

DIBELL, J.

Certiorari on the relation of the county of Houston to review the order of the district court of Fillmore county directing the opening of a highway in the counties of Fillmore and Houston.

The highway was the subject of the controversy in In re Counties of Fillmore and Houston, 154 Minn. 246, 191 N. W. 598, where we held that the burden of laying out and constructing a highway established under Laws 1921, p. 436, c. 323, § 41, rested upon the counties, and not the towns through which the highway passed. Upon the going down of the mandate, the court entered an order directing that each of the counties open for public use the part of the highway within its limits by May 1, 1924, the opening to include "making said highways * * * reasonably safe for public travel." This is the order under review.

[1]Reported in 197 N. W. 741.

By subsection 5, § 41, c. 323, p. 438, Laws 1921, it, is provided that the order of the court, if a road is established or altered, "shall direct the, time and manner of opening the same for public use." And upon receipt of the order "the county board shall proceed in accordance with its terms to open as much of the road as lies within its county for public use."

The relator's objection is directed to the portion of the order which requires that the altered road be made "reasonably safe for public travel" within a period fixed by the court. The point of it is that the statute unconstitutionally casts upon the court duties legislative in character.

In In re Judicial Road, 156 Minn. 327, 194 N. W. 775, and In re Klossner, 156 Minn. 440, 195 N. W. 284, both involving proceedings under the 1921 act, we reiterated the often announced doctrine that the necessity and propriety of establishing a highway is essentially legislative not judicial. The case first cited refers to a number of road cases, and to some school district cases involving the same principle. The question of the general constitutionality of the statute is not serious, and hardly an open one. For 50 years we have had a statute for the establishment of judicial roads extending into more than one county. Laws 1872, p 100, c. 40; Forster v. Board of Co. Commrs. of Winona County (1901) 84 Minn. 308, 87 N. W. 921. In State v. MacDonald (1880) 26 Minn. 445, 4 N. W. 1107, a judicial road under the statute was established without a question of its constitutionality. In Alexander v. McInnis (1915) 129 Minn. 165, 151 N. W. 899, we upheld Laws 1911, p. 352, c. 254, known as the Elwell Law, against the claim that it unconstitutionally gave the judiciary legislative powers. That law provided the machinery for road construction. The statute now considered, as noted in In re Klossner, 156 Minn. 440, 195 N. W. 284, does not in respect of judicial highways. Since 1901 we have had a provision similar to that quoted requiring the court to direct the "time and manner of opening [said road] the same for public use." Laws 1901, p. 291, c. 213, § 5; R. L. 1905, § 1161; G. S. 1913, § 2515.

By section 1, subd. 3, c. 323, p. 407, Laws 1921, county roads include "all roads lying within the county, or on the line between

counties, established by judicial proceedings." By section 24, p. 424, subd. 1, "county boards shall have general supervision of county roads, including those within their respective counties established by judicial authority, with power to appropriate and expend such sums of money from the county road and bridge fund as they may deem advisable for opening, vacating, resurveying or improving the same in towns and villages   *   *   *   " By section 42, subd. 1, p. 439, "county roads, other than those established by judicial authority, shall be established, altered or vacated only by the county board." The damages and expenses incident to laying out the highway are borne by the counties in a just proportion fixed by the court. Section 41, subd. 4, p. 438.

The provision for the judicial opening of a road in two or more counties is constitutional. In giving effect to the purposes of the statute, and laying out and establishing a road, judicial power is exercised; and in making a highway passing into two or more counties an actuality, something serviceable for public use, something more than a merely laid out or paper road, there is involved the exercise of judicial functions. It was in the exercise of its judicial functions that the court required the counties to make the two highways "reasonably safe for public travel" within a fixed time limit. The order of the court was right and is affirmed.

The writer is unable to agree and prefers a holding that the order stop with the laying out or establishment of the road, call it a "paper" road, if that term be properly descriptive, leaving the portion within each county a county road of such county, as provided by section 1, subd. 3, p. 407, such duties and powers relative thereto as are prescribed by section 24, p. 424, subd. 1, and other sections, resting in the county board.

Order affirmed.