[1] Reported in 222 N.W. 578.
Certiorari to review an order of the district court of the eighth judicial district dismissing on the merits a petition for the establishment of a judicial road.
Under G. S. 1923, § 2581, a petition for the establishment of a judicial road was filed and presented to the court. Commissioners were appointed, who proceeded to lay out the road as prayed for by the petition and to appraise damages. They filed their report describing the road and specifying the damages awarded to the different landowners. The report came on for hearing before the court. Confirmation of the report was opposed by the two counties affected and by a number of the landowners. After hearing had, the court denied the petition and dismissed the proceeding on the merits. The proposed road is ten miles in length.
The court found, among other facts, that the proposed road crossed a line of railway under such conditions as would necessarily result in a very dangerous crossing; that it crossed a creek, necessitating a bridge to cost approximately $2,500; that to build the road so it would be suitable and serviceable would cost approximately $60,000, exclusive of the cost for right of way and for graveling. The damages for right of way, as shown by the commissioners' report, amounted to $5,400, besides the construction of two cattle passes and a short ditch. The court further found that all owners of land abutting upon the proposed highway, except two, have access to and from their lands over existing highways; that nearly, if not all, farm buildings in the vicinity are built with reference to and front upon existing highways and that the proposed road passes over the back parts of these farms; that the cost and expense of *Page 96 
establishing and building the road would be far in excess of any benefit therefrom; that public convenience and necessity are already adequately served, and there is no public demand or necessity for the new road; and that it would be against public interest to establish the road.
Relators contend that in denying the petition the court assumed to exercise discretion and legislative authority; that it is only where the evidence is practically conclusive against the propriety of establishing the road that the court may conclude that the "legislative presumption" has been overcome and refuse to lay out the road.
The necessity or propriety of establishing public highways is held to be a legislative question or function and, as such, cannot be delegated to the courts. Brazil v. County of Sibley,139 Minn. 458, 166 N.W. 1077; Mahoney v. Kelley, 156 Minn. 327,194 N.W. 775. G. S. 1923, § 2581, does not delegate purely legislative power to the judiciary. In re Highway, Fillmore and Houston Counties, 158 Minn. 302, 197 N.W. 741.
The legislature in this state does not itself lay out public highways, except to a limited extent in the case of additional trunk highways. The legislature, in providing for the establishment of public highways, determines that such highways are established for a public purpose and for public use. It determines that highways are necessary for public use and convenience and provides for the establishment of highways by municipal boards and by the district courts. It does not determine the location of a particular highway, or that a highway at a particular place is necessary for public use or convenience, or that it is practical to there establish it. These are questions of fact which, in the case of judicial roads, are properly left to the court to determine. If, for instance, proceedings were regularly brought under the law in question to lay out a new road where roads already established served all necessary purposes of public use and travel, clearly the court could find as a fact that the new road was not necessary and refuse to establish it. Likewise, a road so expensive to build that it would bankrupt or unduly *Page 97 
burden the municipality required to bear the expense would clearly justify a finding of fact that it was impractical and justify a refusal to establish it.
That the legislature may to a limited extent delegate to the courts powers that are more or less legislative in character is recognized in Brazil v. County of Sibley, 139 Minn. 458,166 N.W. 1077. It is stated that legislative authority cannot be conferred upon the court, except in special instances where the exercise thereof is incidental to the exercise of its jurisdiction in a proceeding properly of judicial cognizance. Condemnation and road proceedings, drainage and other matters of public improvements or affairs, involve more or less the exercise of both legislative and judicial powers. No definite line has been or can be drawn to determine what are legislative and what are judicial functions in such matters. There are in this state several cases indicating that the questions whether a particular public improvement serves a public purpose, and whether it is practical and expedient to establish it, are not wholly legislative in character, and are so closely related to the proper judicial matters involved in the proceeding as to be merely incidental thereto and not violative of the law against conferring legislative authority on the courts. State ex rel. Bass v. Macdonald, 26 Minn. 445, 4 N.W. 1107; State ex rel. Spencer v. Ensign, 55 Minn. 278, 56 N.W. 1006; McGee v. Commrs. of Hennepin County, 84 Minn. 472, 88 N.W. 6; State ex rel. Jonason v. Crosby, 92 Minn. 176, 99 N.W. 636; State ex rel. Young v. Brill, 100 Minn. 499, 524, 111 N.W. 294, 639,10 Ann. Cas. 425; Minnesota C. P. Co. v. Fall Lake Boom Co.127 Minn. 23, 28, 148 N.W. 561; State ex rel. Bjorem v. District Court, 131 Minn. 43, 154 N.W. 617; State ex rel. Skordahl v. Flaherty, 140 Minn. 19, 167 N.W. 122; In re Town of Hibbing,163 Minn. 439, 444, 204 N.W. 534, 205 N.W. 613. In State ex rel. Jonason v. Crosby, 92 Minn. 176, 180, 99 N.W. 636, the court said:
"The authorities are numerous, sustaining statutes which impose upon the courts powers involving the exercise of both judicial and legislative functions — such as the condemnation of land for public purposes, * * * and laying out and establishing highways. The *Page 98 
proceedings provided for by the statute under consideration involve the exercise of both legislative and judicial powers. * * * The exercise of all these powers is involved in proceedings under this statute."
This was the drainage law, and it was held constitutional as against the objection that it delegated legislative powers to the court.
That the legislature may authorize the judiciary to determine the facts upon which the operation of a statute depends is not questioned. Hunter v. City of Tracy, 104 Minn. 378,116 N.W. 922; State ex rel. Skordahl v. Flaherty, 140 Minn. 19,167 N.W. 122; In re Boston, 221 Mass. 468, 109 N.E. 389; Matter of Lackawanna, 158 App. Div. 263, 143 N.Y. S. 198; Drainage Dist. No. 1 v. Richardson County, 86 Neb. 355, 125 N.W. 796; Scott v. Marley, 124 Tenn. 388, 137 S.W. 492.
In a judicial road proceeding the court determines the facts. Having found as facts that this road is not reasonably necessary for public use and convenience and that it is impractical to establish it because of the cost and expense, the question is whether these findings are sustained by the evidence. We do not know of any rule requiring the evidence to sustain such findings to be practically conclusive in their favor or practically conclusive against the propriety of establishing the road. The rule followed by this court in cases where a county or town board has either laid out or refused to lay out a public highway is that the action of such board will not be disturbed by the court unless it appears that it was arbitrary and unreasonable and against the best interest of the public, or fraudulent, or based on an erroneous theory of law, or unless the evidence was practically conclusive against it. Fohl v. Common Council, 80 Minn. 67, 82 N.W. 1097; Hunstiger v. Kilian, 130 Minn. 474, 153 N.W. 869; Id. 130 Minn. 538,153 N.W. 1095; Brazil v. County of Sibley, 139 Minn. 458,166 N.W. 1077. The rule has been followed in numerous other cases where the order reviewed was one establishing the road or improvement, among them being M. St. L. R. Co. v. Village of Hartland, 85 Minn. 76, *Page 99 88 N.W. 423; Obert v. Commrs. of Otter Tail County, 122 Minn. 20,141 N.W. 810; State ex rel. Hunt v. City of Montevideo,142 Minn. 157, 171 N.W. 314; Mahoney v. Kelley, 156 Minn. 327,194 N.W. 775; In re Petition of Klossner, 156 Minn. 440,195 N.W. 284.
This rule supports the determination of the board or tribunal laying out the road, whether the action taken was to establish the road or to refuse so to do. If applied to the order here under review, it would work against the relators. It may not fully apply, for, as pointed out in Brazil v. County of Sibley,139 Minn. 458, 166 N.W. 1077, the legislature may and does delegate to municipal boards legislative as well as fact-finding authority, but cannot delegate legislative power to the courts, except to the limited extent therein stated. But, without reference to the rule stated and reviewing the order in the same way we review other findings of fact by the district court, we are satisfied that there is evidence reasonably tending to sustain the findings and that these findings sustain the order made. In In re Petition of Siblerud,148 Minn. 347, 350, 182 N.W. 168, a judicial ditch proceeding, this court, in passing upon findings of the court below, stated:
"We perceive no reason why these findings should not be given the same force and effect as findings of fact in an ordinary action between private parties."
In the case of Mahoney v. Kelley, 156 Minn. 327, 331,194 N.W. 775, relied upon by relators, the order reviewed was one establishing the road. The court there said:
"When a highway has been established in the manner provided and authorized by the legislature, the necessity and propriety of establishing it is presumed and this presumption can be overcome only by showing conclusively that no necessity for it existed."
The court in brief terms applied the rule already stated, which sustains the action of municipal boards in passing upon the question of establishing public roads and other improvements. But that rule, as already noted, works both ways and goes to sustain the action of the board, whether such action consists in establishing or *Page 100 
refusing to establish the road or improvement. It cannot aid the relators here.
All assignments of error have been considered and are sufficiently covered by what has been said.
Order affirmed.