CHARLES D. ELFELT *vs.* STILLWATER STREET-RAILWAY CO.

Submitted on briefs April 10, 1893.   Decided April 24, 1893.

**Findings Sustained by the Evidence.**
    Evidence *held* to sustain a finding of fact.

**Highway by User Under the Statute.**
    The operation of 1878 G. S. ch. 13, § 74, as amended by Laws 1879, ch. 51, declaring that when a road shall have been continuously used, kept in repair, and worked for six years it shall be a public highway, is not affected by the fact that proceedings previously commenced to lay it out as a highway are still pending.

**Street Railway.**
    A street railway imposes no additional servitude upon a street.

Appeal by plaintiff, Charles D. Elfelt, from an order of the District Court of Washington County, *F. M. Crosby,* J., made February 19, 1892, denying his motion for a new trial.

Action against the defendant, the Stillwater Street-Railway Company, to recover possession of a strip of land in the City of Stillwater, sixty-six feet wide, and extending from the southerly line of Elfelt's Addition to Oak Park northwesterly across that addition. The plaintiff was in 1876 the owner of this addition to Oak Park, and on September 6th of that year the Board of County Commissioners of Washington County laid a highway over and along this strip of land.   Elfelt appealed to the District Court, and his appeal was tried June 15, 1877, in that court before a jury, and a verdict rendered affirming the action of the Board, and assessing his damages at $76.   No judgment has been entered on this verdict. In the Spring of 1880, the highway was opened by the proper public officers, and has ever since been kept in repair and used by the public as a street.   In 1889, the defendant under license constructed a line of electric street railway along the center of this street, and erected poles on each side one hundred feet apart, and connected each pair by cross wires, and suspended therefrom an electric wire along the center, and by means thereof propelled and operated its street cars over and along the track.

Findings were made and filed, and judgment ordered for the de-

fendant. The plaintiff moved for a new trial, and being denied appeals.

*Moritz Heim*, for appellant.

*James N. Castle*, for respondent.

GILFILLAN, C. J. The court below, trying the case without a jury, found as a fact that ever since 1880 the road in question "has been used by the public as such, and kept in repair and worked as such by the public authorities," and the evidence fully sustains that finding. This was sufficient to constitute it a public highway, under 1878 G. S. ch. 13, § 74, as amended by Laws 1879, ch. 51.

But appellant claims that because, prior to the beginning of that period, the county commissioners began proceedings to lay out the highway, and such proceedings went no further than a verdict in 1877 on an appeal by this appellant to the district court, the proceedings are to be deemed still pending, and their pendency prevents the operation of that statute. The statute makes no such exception to its operation, and, indeed, we think one of the conditions the legislature had in view, in passing it, was that there were then, and in future would be, a great many instances in which proceedings to lay out highways were, or would be, defective or incomplete, but in which, notwithstanding such defective or incomplete state of the proceedings, the public would use, keep in repair, and work the road for the time specified. The pendency of the proceedings, if they are to be deemed as pending, had no such effect as claimed.

The documentary evidence objected to could have no possible bearing upon the finding above quoted, and so could not prejudice.

This court has always recognized the distinction between an ordinary commercial railway and a street railway, in respect to laying them upon a street. The former imposes an additional servitude on the street, while the latter, being only a mode of using the street for legitimate street purposes, does not.

Order affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 55 N. W. Rep. 116.)