# STATE EX REL. CITY OF ST. PAUL v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 29, 1916.

Nos. 20,185—(149).

**Railway — depression of tracks — city ordinance too limited to sustain mandamus.**

1. On the trial of a proceeding in *mandamus* to compel the defendant railroad to depress its tracks at their intersection with West Seventh street in St. Paul and carry the street over them by a bridge as directed by a city ordinance, it appeared that there were a number of streets parallel to West Seventh crossing the railroad at grade or in subways or on bridges, and that if the depression was made it would be necessary to separate the grades at these crossings. The ordinance made no such

[1]Reported in 160 N. W. 773.

---

Note.—Authorities passing on the question of power of municipality to compel change of grade of railroad in street, are gathered in a note in 70 L.R.A. 850; L.R.A. 1915E, 759.

direction and did not declare the necessity nor make a plan. It is *held* that the ordinance is an insufficient basis upon which to sustain the proceeding.

**Same — police power of municipality unaffected by old statutes.**

2. By Sp. Laws 1879, c. 184, the right was granted the defendant to build its line between St. Paul and Minneapolis and it was provided that it should cross streets in St. Paul at grades fixed by a resolution of the council. The council in 1879 fixed the present grade. The power to compel a separation of grades at a crossing is legislative and referable to the police power. The police power cannot be surrendered nor divested nor abridged nor bartered away. The statute did not intend that the grade fixed by resolution might not afterwards be changed by the city if public safety required; and neither the statute, which is unrepealed, nor the resolution of the common council, now prevents the city in the exercise of the police power delegated to it from requiring a separation of grades at the defendant's expense, either by depressing its tracks and carrying the street over them at its present grade or by carrying the street over or under the present grade of the railroad.

Upon the relation of the city of St. Paul the district court for Ramsey county granted its alternative writ of *mandamus* commanding the Chicago, Milwaukee & St. Paul Railway Company to begin the work of depressing its tracks at the point where they cross Seventh street in that city in accordance with the provisions of Ordinance No. 3013 of relator city. The respondent made answer, among other matters, that its line of railway was constructed pursuant to Sp. Laws 1879, c. 184, and pursuant to resolution of the common council of relator city designating the grade of its tracks at the point specified, and alleged that Ordinance 3013 was in violation of article 1, sections 2 and 7, of the state Constitution and section 1 of Amendment 14 of the Federal Constitution. The matter was heard before Dickson, J., who granted respondent's motion to quash the writ. From an order denying its motion for a new trial, relator appealed. Affirmed.

*O. H. O'Neill,* for appellant.

*F. W. Root, Nelson J. Wilcox* and *David F. Simpson,* for respondent.

DIBELL, C.

*Mandamus* on the relation of the city of St. Paul to compel the defendant to depress its railway tracks where they intersect West Sev-

enth street and to carry the street over them by a bridge. Upon the trial the writ was quashed on motion of the defendant and the relator appeals from the order denying its motion for a new trial. The case was here on demurrer to the writ and is reported in 122 Minn. 280, 142 N. W. 312.

Two claims are now made by the defendant:

(1) That the ordinance directing the depression of the tracks and the construction of a bridge is invalid, because it fails to prescribe a definite plan or to provide for crossings at other railway and street intersections necessarily affected by the depression of the tracks at West Seventh street.

(2) That the ordinance directing a separation of grades by the depression of the defendant's tracks is invalid because the present grade was fixed by a resolution of the common council in 1879, pursuant to an act of the legislature, Sp. Laws 1879, p. 316, c. 184, authorizing the defendant to construct its line between St. Paul and Minneapolis.

The trial court held with the defendant on its first claim and against it on the second.

1. An ordinance of the city of St. Paul approved December 11, 1911, directed that the tracks of the defendant be depressed 22 feet and that West Seventh street be carried over them at a height not greater than five feet above the present grade. The tracks before and after they cross the street are on a heavy grade. A number of streets immediately east and west of West Seventh paralleling it and intersecting the railroad will be affected by the depression of the tracks at West Seventh. At some of these streets the crossings are at grade; at others the streets are in subways; and at others they are carried overhead by bridges. Changes at these crossings and a readjustment of grades must be made. The ordinance refers generally to the West Seventh street crossing and makes no reference to others. The determination that public necessity requires a separation of crossing grades, and the method of accomplishing it, is in the first instance a legislative act for the common council. Before the defendant can be required by *mandamus* to separate the grades at the crossing at West Seventh, by depressing its tracks, and by consequence be required to readjust the grades at the crossing of parallel streets, there must be a legislative determination by the city of the public necessity

and a plan sufficiently specific to afford a working basis. Substantially this seems to have been done in State v. Minneapolis & St. Louis Ry. Co. 39 Minn. 219, 39 N. W. 153, and Parker v. Truesdale, 54 Minn. 241, 55 N. W. 901. By what is said we do not limit the power of the court when its aid is sought by *mandamus* to depart from plans presented or to adopt such new ones as it may find necessary in bringing about an effective result. See State v. St. Paul & Duluth R. Co. 75 Minn. 473, 78 N. W. 87.

2. By Sp. Laws 1879, p. 316, c. 184, there was granted to the defendant authority to construct a line between St. Paul and Minneapolis and the line which it constructed is the one which intersects West Seventh street. The statute provided that the grades of the tracks where they crossed any public street should be as designated by resolution of the common council. The council passed a resolution fixing the grade as it now is.

The power to require the defendant to depress its tracks or otherwise separate grades at a street intersection is a police power. It is legislative. It is in the city by delegation. The police power cannot be surrendered nor divested nor abridged nor bargained away. One legislative body cannot deprive its successor of it. These general principles are not in dispute. Butchers' Union S. H. & L. S. L. Co. v. Crescent City L. L. & S. H. Co. 111 U. S. 746, 4 Sup. Ct. 652, 28 L. ed. 585; New Orleans Gas Light Co. v. Drainage Commission, 197 U. S. 453, 25 Sup. Ct. 471, 49 L. ed. 831; Chicago, B. & Q. R. Co. v. Nebraska, 170 U. S. 57, 18 Sup. Ct. 513, 42 L. ed. 948; Board of Education v. Phillips, 67 Kan. 549, 73 Pac. 97, 100 Am. St. 475; Chicago, B. & Q. R. Co. v. State, 47 Neb. 549, 66 N. W. 62, 41 L.R.A. 481, 53 Am. St. 557; Colorado & S. Ry. Co. v. City of Fort Collins, 52 Colo. 281, 121 Pac. 747, Ann. Cas. 1913D, 646; State v. Great Northern Ry. Co. 134 Minn. 249, 158 N. W. 972, and cases cited; State v. Board of Park Commrs. of City of Minneapolis, 100 Minn. 150, 110 N. W. 1121, 9 L.R.A.(N.S.) 1045, and cases cited; 1 Dunnell, Minn. Dig. § 1607. "The power of the state to require the defendants to construct the bridge in question, or any other bridge, at streets crossing the right of way, is an exercise of the police power, which can be neither contracted away, nor lost by inaction on the part of the public authorities." State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380,

403, 108 N. W. 261, 28 L.R.A.(N.S.) 298, 120 Am. St. 581, 8 Ann. Cas. 1047. If public safety requires the separation of grades such separation can be compelled at the expense of the defendant. It is adequately protected against arbitrary or unreasonable requirements. Whatever the defendant took by the statute of 1879 was subject to a power of regulation reasonably exercised in protection of the public safety. The statute was not a direct exercise of police power, so that until repealed the grade established pursuant to it was effective. It evinces no such intent. It intended to require the defendant in the exercise of the rights granted to conform to such requirements as the city should make relative to grade crossings. It did not intend that the city might not afterwards in the exercise of its delegated power require a separation of grades. We conclude that the statute of 1879, though unrepealed, does not affect the right of the city to exercise in the interest of public safety its delegated police power. The separation of grades may be effected either by compelling the railroad to depress its tracks and carry the street over them, or by compelling it to carry the street over or under the present grade of the railroad as reasonable public necessity may require.

There were no findings of fact. We treat the motion to quash as if made at the close of the plaintiff's case and as the equivalent of a motion to dismiss. The determination is not *res adjudicata*. We understand from the brief of the defendant that it concedes its obligation to separate the grades at its own expense; at least it so concedes unless it is protected, and we held that it is not, by the statute of 1879 and the resolution of the council pursuant to it. Its contention is that it should be allowed to carry the street over or under the present grade of its tracks and should not be required to change its grade. This suggests the point of actual contest. The point first discussed is determinative of the case but we have considered the second one, as requested by counsel, to the end that the rights of the parties may be definitely determined now.

Order affirmed.