## CITY OF ST. PAUL v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 17, 1919.

No. 21,048.

**Judgment on the pleadings.**

The pleadings raised a material issue of fact and it was error to order judgment in plaintiff's favor without a trial.

Action in the district court for Ramsey county to recover $1,938.30. The case was called for trial before Dickson, J., who granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings and ordered judgment as demanded in the complaint. From the judgment, defendant appealed. Reversed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*O. H. O'Neill* and *James D. Swan,* for respondent.

HOLT, J.

The appeal is from a judgment entered upon the pleadings against defendant.

[1] Reported in 170 N. W. 512.

The complaint alleges and the answer admits that plaintiff is a municipal corporation and defendant a railway corporation owning and operating a railroad across Rice street, a public street in plaintiff city; that public safety required a bridge to be erected over the tracks on Rice street, and that some time prior to 1885, pursuant to the direction of plaintiff, defendant did construct an iron trestle steel bridge, with stone abutments, carrying said street over its tracks, and during the year 1900 replaced said bridge with a steel and iron girder bridge; that some time previous to October 12, 1917, plaintiff requested defendant to repair the asphalt paving on the bridge, and defendant denied that it was under obligation to repair the same and refused to so do, and that said bridge is necessitated by reason of the existence of defendant's railway tracks across Rice street.

The complaint also contains these allegations: "That some time previous to October 12th, 1917, the surfacing of said bridge, which consisted of sheet asphalt, became greatly deteriorated, and the public safety required that the same should be immediately repaired. * * * Further, plaintiff alleges that upon the refusal of said defendant to enter upon the work of repairing and resurfacing said bridge, the plaintiff, in order to keep said bridge open and passable and safe for public travel, purchased the material, hired the labor, and did whatever else was necessary to repair said bridge and place the same in good order and condition, at a cost of One Thousand, Nine Hundred Thirty-eight and 30/100 dollars ($1,938.30). That said work was completed on or about October 12th, 1917."

The allegations quoted are met by a general denial in the answer, and also by this qualified admission: "Admits that some person or persons to defendant unknown undertook to and did repair said asphalt paving and admits that there was paid on account thereof out of the City Treasury the sum of $1,938.30, but defendant alleges upon information and belief that said repair work was done by said person or persons voluntarily and without any authority, order, ordinance, or resolution of the City Council of the City of St. Paul."

Assuming, but not deciding, that defendant is under obligation to maintain and keep in proper repair the surface or paving of the bridge, and further assuming, without so deciding, that the city may, without

previous action of the city council, cause repairs to be made where defendant refused to so do and recover the cost thereof from the defendant, we, nevertheless, have the issue, that the surfacing of the bridge had become greatly deteriorated and the public safety required it to be immediately repaired, tendered by the complaint and controverted by the general denial in the answer. We conceive this to be a very material issue, and one to be settled in plaintiff's favor before there can be any ground for recovery on any theory of the law. Under no view of the legal rights and obligations of the parties hereto can it be held that the city may repair the surface of this bridge and charge defendant with the expense, unless it be first established that the repairs were necessary for the safety and convenience of public travel. Whether there was a necessity for the repairs, for the cost of which recovery is sought, was clearly made an issue by the pleadings. There is nothing in the record before us which concedes this issue against defendant and judgment should not have been ordered on the pleadings in plaintiff's favor.

We do not reach the question whether, in any event, defendant's uncompensated duty to make the public way over its tracks safe includes the continued maintenance and repair of the surface of this bridge.

Judgment reversed.