## CITY OF ST. PAUL v. GREAT NORTHERN RAILWAY COMPANY.[1]

### April 16, 1920.

### No. 21,765.

**Maintenance of bridge by railway — repaving.**

1. The uncompensated duty rests upon a railroad which intersects a street, which it carries over its tracks by a bridge, to maintain the surface of the bridge in fit condition for public travel and when worn out to replace it.

**Duty arises from exercise of police power, unaffected by gross earnings tax.**

2. The duty to do so is cast upon it in the exercise of the police power, and when it is required to do so it is not taxed for a public improvement from which it is exempted by the gross earnings statute.

**Constitutional rights of railway not violated.**

3. An appropriate exercise of the police power does not offend the contract or due process of law provisions of the Federal Constitution.

Action in the district court for Ramsey county to recover $1,938.30 the cost of repaving a bridge over defendant's tracks. The answer alleged that the repaving was done voluntarily and without authority, order, ordinance or resolution of the city council of the city of St. Paul. After the former appeal reported in 141 Minn. 428, 170 N. W. 512, the case was tried before Hanft, J., who made findings and ordered

[1]Reported in 177 N. W. 492.

judgment for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*M. L. Countryman, A. L. Janes* and *F. G. Dorety,* for appellant.

*O. H. O'Neill* and *James D. Swan,* for respondent.

DIBELL, J.

The plaintiff recovered judgment against the defendant for the cost incurred in repaving a bridge constructed by the defendant over its tracks and the defendant appeals.

1. Many years ago the defendant railway company bridged its tracks at their intersection with Rice street in St. Paul. The bridge was paved. The paving on both the street and the bridge became so out of repair that in 1917 it was necessary to repave. That the safety and convenience of the public required repaving is conceded. The defendant refused to repave, claiming that its duty was discharged when it built the bridge and maintained a sufficient structure to sustain a surface for travel. The city repaved the bridge when it repaved Rice street and sued the railroad company for $1,938.30, the cost, for which it had judgment.

The sole question is whether a railroad company, which in the exercise of the police power is compelled without compensation to bridge its tracks, is required, when the pavement of the bridge becomes so worn that it must be replaced, to replace it without compensation.

The question has not been directly set at rest by a decision of this court. The court seems often to have assumed the law to be that the uncompensated duty rests upon the railroad to keep its bridge, made necessary by its disturbance of the safe use of the street for travel, continuously in fit condition for public use, and often the railroads seem to have acquiesced; and expressions to the effect that it is the duty of the railroad company to maintain the highway in a fit condition for travel; that a bridge is a safety device which in a proper case must be constructed and maintained by the railroad; that the railroad must restore the highway which it disturbs to its former condition of usefulness, and that its duty is a continuing one, are frequent in the cases. State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 108 N. W. 261, 28 L.R.A.(N.S.) 298, 120 Am. St. 581, 8 Ann. Cas. 1047; State v. North-

ern Pac. Ry. Co. 98 Minn. 429, 108 N. W. 269; Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, 115 Minn. 460, 133 N. W. 169, 51 L.R.A.(N.S.) 36, Ann. Cas. 1912D, 1029; Chicago, M. & St. P. Ry. Co. v. Village of LeRoy, 124 Minn. 107, 144 N. W. 464; State v. Great Northern Ry. Co. 130 Minn. 480, 153 N. W. 879, L.R.A. 1918D, 1153; State v. Great Northern Ry. Co. 134 Minn. 249, 158 N. W. 972; State v. Great Northern Ry. Co. 136 Minn. 164, 161 N. W. 506; City of St. Paul v. Great Northern Ry. Co. 138 Minn. 25, 163 N. W. 788, L.R.A. 1917F, 485; City of St. Paul v. Chicago, St. P. M. & O. Ry. Co. 139 Minn. 322, 166 N. W. 335.

When this case was here before on appeal from the judgment ordered on the pleadings, 141 Minn. 428, 170 N. W. 512, the obligation of the railroad to replace or repave the surface of the bridge was left for future determination, and this is the question now for decision.

The duty of the railroad comes from an exercise of the police power. It is not at an end when it constructs a bridge sufficient at the time to bear public travel. It must rebuild worn-out structures. City of St. Paul v. Chicago, St. P. M. & O. Ry. Co. 139 Minn. 322, 166 N. W. 335; State v. Great Northern Ry. Co. 134 Minn. 249, 158 N. W. 972. It must respond to an increased public need. City of St. Paul v. Great Northern Ry. Co. 138 Minn. 25, 163 N. W. 788, L.R.A. 1917F, 485. There we held that the railroad might be compelled to strengthen its bridge so as to carry street railway traffic, though such traffic was not on the street when the bridge was built. And see Missouri Pac. Ry. Co. v. Omaha, 235 U. S. 121, 35 Sup. Ct. 82, 59 L. ed. 157; Chicago, B. & Q. Ry. Co. v. Illinois, 200 U. S. 561, 26 Sup. Ct 341, 50 L. ed. 596, 4 Ann. Cas. 1175.

The railroad's interference with safe public travel is continuous and the obligation of the railroad to conserve the safety and convenience of the public, imposed under the police power, is as continuous as its interference with safe public travel. The required structure must be sufficient to sustain public travel and the railroad must furnish a fit surface upon which public travel may pass. Its obligation to repave is as definite as its duty to bridge. It is not enough that it furnish a structure physically sufficient to support a roadway. It must furnish the roadway. When worn out it must replace it.

2. The claim that requiring the railroad to maintain the surface of the bridge in fit condition for travel involves an exercise of the taxing power, is fairly met by State v. Great Northern Ry. Co. 130 Minn. 480, 153 N. W. 879, L.R.A. 1918D, 1153, 132 Minn. 474, 157 N. W. 1069, affirmed in 246 U. S. 434, 38 Sup. Ct. 346, 62 L. ed. 817. There the railroad was required to construct a sidewalk, connecting with the village sidewalks, across its 300 feet right of way, except the planked portion occupied by its three tracks. Its right of way, under the gross earnings statute, was exempt from taxation for public improvements, but in building the sidewalk it was responding to a demand made in the exercise of the police power, not to a demand made in the exercise of the taxing power. It was not taxed for a public improvement. It may be suggested, reverting to what was said in the preceding paragraph, that in such a case as this it would hardly be claimed that the duty of the railroad was at an end upon the original construction of the sidewalk. It clearly might be compelled to keep in repair or to rebuild. And on this point the case in principle does not differ from the one at bar.

3. If the defendant was under obligation to repave its bridge, without compensation, in the appropriate exercise by the city of the police power, as we hold, no provision of the Federal Constitution is offended. Neither the due process nor contract provisions of the Federal Constitution overrides a proper exercise of the police power. Atlantic, C. L. R. Co. v. City of Goldsboro, 232 U. S. 548.

We hold that the uncompensated duty rests upon the railroad to keep the surface of its bridge in fit condition for public travel, that the duty is cast upon it in the exercise of the police power, and that requiring it to furnish at its own cost an appropriate surface for travel, is not the exercise of the taxing power and does not offend any provision of the Federal Constitution.

Judgment affirmed.