## CHICAGO & NORTH WESTERN RAILWAY COMPANY v. CITY OF MARSHALL.[1]

January 6, 1922.

No. 22,481.

**Municipal corporation—assessment for street paving against railway.**
Prior to the enactment of chapter 533, Laws of 1919, a city had no power to assess the cost of street paving against a railway corporation which has paid a gross earnings tax.

Having duly filed objections thereto with the council of the city of Marshall, the Chicago & North Western Railway Company appealed to the district court for Lyon county from an assessment levied against its property in that city for the cost of paving the intersections of Second and Fourth streets and its right of way. The appeal was heard by Olsen, J., who made findings and affirmed the assessment. From the judgment entered pursuant to the order for judgment, the railway company appealed. Reversed.

*Brown, Somsen & Sawyer,* for appellant.
*James H. Hall,* for respondent.

HALLAM, J.
Second and Fourth streets in the city of Marshall are crossed by the right of way and tracks of appellant railway company. The city of Marshall, by proper proceedings under chapter 65, p. 62, Laws 1919, paved these streets and included in the paving plan the portion of the streets crossed by the railway company's tracks. The city authorities assessed against the railway company, not against its property, a proportion of the cost of the pavement, computed on a front foot basis. On appeal to the district court the assessment was affirmed and the railway company appeals.

The proceedings antedate the operation of chapter 533, p. 755, Laws 1919, making railway companies subject to special assessments for local improvements, and the company contends that under

[1]Reported in 186 N. W. 137.

the law then prevailing, G. S. 1913, § 2226, it is not liable to such assessment.

We sustain this contention. The statute above cited and then in force provided that the payment by a railway company of a tax upon its gross earnings shall be "in lieu of all taxes and assessments, upon all property within this state, owned or operated for railway purposes by such company." This in plain language exempts the property of defendant from assessment.

The trial court however in effect converted the proceeding into one in personam against the railway company and the assessment is against the railway company and not against its property. Under the statute cited, section 2226, the railway company was no more liable to assessment than was its property. Nor is there any authority for an assessment in personam in a local improvement assessment proceeding.

There is no doubt of the power of the municipality, in the exercise of the police power, to compel by mandamus a railway company to pave the intersection of a street with its right of way, when the safety and convenience of the public require it. State v. Great Northern Ry. Co. 130 Minn. 480, 153 N. W. 879, L. R. A. 1918D, 1153; City of St. Paul v. Great Northern Ry. Co. 145 Minn. 355, 177 N. W. 492. Perhaps the city may, without resorting to mandamus, proceed to pave such intersections if the safety and convenience of the public so require and then sue to recover the cost of such improvement. City of St. Paul v. Great Northern Ry. Co. 138 Minn. 25, 163 N. W. 788, L. R. A. 1917F, 485. But this is not a case of either kind. There is no proof or finding that public necessity or convenience required this pavement. Nor could that issue be litigated in a proceeding of this kind. Surely the city council, in a local improvement assessment proceeding, had no power to determine upon this exercise of the police power. On appeal to the district court from the assessment made by the council, the proceeding is still the same assessment proceeding. The court cannot transform it into a proceeding in mandamus predicated on the exercise of the police power nor into an action in personam for the recovery of money.

Judgment reversed.

· BROWN, C. J. (dissenting).

That the authority of the city to require the railroad company to pay the cost and expense of the improvement in proportion as the pavement extends over the right of way rests in the police and not the taxing power, is clear. State v. Great Northern Ry. Co. 130 Minn. 480, 153 N. W. 879, L. R. A. 1918D, 1153; Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, 115 Minn. 460, 133 N. W. 169, 51 L. R. A. (N. S.) 236, Ann. Cas. 1912D, 1029. The liability imposed by an exercise of the authority may be enforced by means of any judicial or quasi judicial procedure suited to the particular case. The local assessment proceeding is quite appropriate in a case involving, as here, a general public improvement in which many property owners are alike affected in the ascertainment of damages and benefits. State v. District Court, 68 Minn. 242, 71 N. W. 27. The case of City of St. Paul v. Great Northern Ry. Co. 138 Minn. 25, 163 N. W. 788, L. R. A. 1917F, 485, involved an isolated act, the performance of which rested wholly with the railway company. The fact that such a proceeding, usually classed as a tax proceeding, is resorted to, does not bring about as a legal inference or otherwise a change in the character of the public right sought to be exercised; the authority of the municipality remains the same, whatever form of procedure be adopted in its enforcement. The objection to the form here adopted, the liability of the railroad company under the police power being necessarily conceded, is purely technical and should not prevail. Every right granted by the due process of law clause of the Constitution may be protected in a proceeding of this kind. 2 Dunnell, Minn. Dig. § 6879.

The proceeding is in rem, and if in this case there be technical defect in the judgment, found in the point that it is personal in form rather than against the property sought to be charged, it may be corrected on application of either party to the court below. That the right of way may be assessed is affirmed by the general trend of judicial opinion. Note Ann. Cas. 1916E, 579, and citations.

QUINN, J. (dissenting).

I concur in the dissent.