STATE, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Appellant.

*December 15, 1923—February 12, 1924.*

*Railroads: Grade crossings: Liability for paving: Space fronting
depot grounds: Culverts: Constitutional law.*

1. In enacting sub. 1, sec. 1299*h*—1, Stats. 1921 (requiring a rail-
   road company, whenever its right of way crosses a highway
   of an incorporated village which is being paved, to pave such
   portion of the highway as shall extend upon, over, or across
   its right of way), and sub. 2 thereof (providing that, if the
   railroad company fails to so pave, the public officer in charge
   of the adjacent pavement may pave it and collect the cost
   from the railroad company), the legislature did not go be-
   yond its power, and the statute does not deny to the railroad
   company due process of law or the equal protection of the
   laws.  p. 610.
2. Under said sec. 1299*h*—1 there can be no liability on the part of
   the railroad company for the cost of paving the highway space
   outside of its right of way and fronting adjacent depot
   grounds.  p. 611.
3. Where the railroad company had placed across the highway,
   adjacent to its tracks, for the purpose of draining its station
   grounds, an iron pipe culvert suitable for the then existing
   highway, and in paving the highway fronting such grounds
   it became necessary to construct a new concrete culvert to
   replace the old one, a judgment against the railroad company
   for the cost thereof will not be disturbed.  p. 611.

APPEAL from a judgment of the circuit court for Dane
county: W. B. QUINLAN, Judge. *Modified and affirmed.*

This action was brought to recover for the cost of doing
certain concrete work on a trunk highway.

In 1921 and under secs. 1312 to 1317, Stats., the state of
Wisconsin, with federal aid, was paving with concrete state
trunk highway No. 74 between the villages of Whitefish Bay
and Brown Deer, Milwaukee county, crossing defendant's
tracks near Brown Deer.  Notice was given defendant pur-
suant to sec. 1299*h*—1 by the Wisconsin highway commis-

sion of the purpose to so improve by grading and paving with eighteen-foot concrete surfacing; and saying:

"You are hereby notified to cause that portion of the highway lying upon your right of way to be improved in substantially the same manner as the work to be done on the said highway by the said highway commission."

Then followed an estimate as to the quantities and cost.

The defendant having failed for more than thirty days after such notice to perform the work so referred to, it was done by the highway commission, and for the cost thereof this action was brought.

Upon the trial a stipulation was made and the complaint amended to conform with certain additional recitals. The material facts are substantially as follows:

Defendant's railway here runs north and south and is crossed at right angles by the trunk highway. The right of way is sixty-six feet wide, the main track being in the center with two sidetracks. To the east of the right of way the defendant owns property with a frontage of about sixty-seven feet on each side of the trunk highway and it is used by the company or its lessees for warehouse and depot purposes.

Prior thereto the defendant had placed across the highway adjacent to its track, for the purpose of draining the station ground and tracks, a twenty-four-inch pipe culvert suitable in size and construction for the then existing highway. In this highway construction the commission deemed it advisable and proper that there should be substituted a concrete culvert with end walls.

The provisions of sec. 1836, Stats., relative to the restoration of the highway as it had theretofore existed had been fully complied with by defendant.

Apparently, although such fact does not directly appear in the stipulation or in the record, it was deemed advisable that the space between and a short distance outside of the

three sets of rails on the right of way be surfaced otherwise than with concrete, and such surfacing appears to have been done by the defendant company in a manner satisfactory to the commission.

The complaint as amended presented, therefore, the assertion of a claim on behalf of the state to recover from the defendant as follows:

1. For the concrete pavement on the sixty-six-foot right of way (less that space between and outside of the rails as above described) amounting to forty-three square yards at a cost of $124.61.

2. For the cost of the concrete culvert, $315.

3. For 140 square yards of surfacing east and outside of the right of way, or what is designated as depot grounds, at $405.72; making a total of $845.33.

Judgment was ordered in favor of the plaintiff for the entire amount, and defendant appeals.

For the appellant there was a brief by *Henry J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Trump* and by *Mr. John B. Sanborn* of Madison.

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

ESCHWEILER, J.    The work on the trunk highway in question here was being done pursuant to the provisions of secs. 1312 to 1317, Stats., providing for the state trunk highway system under federal aid and under the direction of the said highway commission, under the provision of secs. 1317*m*—1 *et seq.*

The authority to require the defendant railroad corporation to either do the concrete surfacing itself or pay the cost thereof when done by the commission is based upon

the provisions of sec. 1299*h*—1 (now sec. 81.20, Stats.), the parts of which material here are as follows:

Section 1299*h*—1.   1. "Whenever any . . . public highway in any . . . incorporated village . . . shall extend upon, over or across the tracks or right of way of any railway company, such railway company shall, at its own expense, construct, grade and maintain in safe condition for public travel, the portion of such street or highway extending upon, over or across the tracks or right of way of such railway company.   Whenever any such . . . highway in any . . . incorporated village, . . . extending upon, over or across the tracks or right of way of any such railway company, shall be improved, *paved or surfaced,* or any such street or highway within the limits of any incorporated city shall be improved, paved or surfaced under the provisions of sections 1312 to 1317, inclusive, or sections 1317*m*—1 to 1317*m*—15, inclusive, such railway company shall, at its own expense, improve, pave or surface such portion of such highway as shall extend upon, over or across the right of way of such railway company, in substantially the same manner and of substantially the same materials."

Sub. 2, sec. 1299*h*—1, provides that for failure by the railway company to do the work as above required, then the public officer having charge of the adjacent improvement shall do the work and the cost thereof shall be paid by the railway company.

This particular statute was created by ch. 120, Laws of 1907.   By ch. 97 of the Laws of 1915 the provision as to "paving" was inserted and sub. 2, *supra,* added to the original.

Another statutory provision akin to the one just cited is found in sec. 1299*h*—9 (now sec. 81.19), created by ch. 377 of the Laws of 1913, whereby the duty is placed on steam railroads, at grade highway crossings, to keep the surface of the crossings between the tracks and rails and extending four feet on either side of the outside rails in good condition and repair for highway purposes; and provides for assessing and

collecting the cost of the work on default of its being done by the railroad company, and further provides that such duty and remedy given shall be in addition to other duties and remedies and is not to be construed to repeal any other duties or remedies then existing.

Defendant does not disclaim liability for paving or surfacing in manner acceptable to the highway commission such portions of the crossing as lie within its several tracks and extending four feet on either side thereof as provided in sec. 1299h—9, last above quoted, and under the stipulated facts it appears that such has been done and the cost thereof is not included in the complaint.

The defendant asserts, however, as to the rest of the right of way; and as to the portion of the highway in front of the real estate outside the sixty-six-foot right of way and used for freight or depot grounds; and as to the culvert, that if sec. 1299h—1, *supra,* must be construed as applying as to any such spaces or work, then the statute is unconstitutional and void because denying the railroad company due process of law and the equal protection of the law and in violation of the Fourteenth amendment to the United States constitution.

It is urged that this claim of power under sec. 1299h—1, *supra,* must be supported (and it is so contended on behalf of the plaintiff) upon the police power to provide for the safety of the traveling public, and that the fixing of the outside lines of defendant's right of way, irrespective of the width thereof or condition as to tracks thereon, is purely arbitrary and for that reason cannot stand.

Concededly the danger to the traveling public at such intersections is the track or tracks used for railroad traffic rather than the strip of land used for right of way. The former, therefore, rather than the latter establishes the point from which must be reckoned the zone of danger to the public and within which zone the state may concededly require of the one maintaining the danger the obligation of maintaining

reasonable safeguards. Theoretically such danger zone starts from the railroad track and extends to a vanishing point on each side thereof. Practically it is impossible to fix such vanishing point at any particular number of feet. With several possible practicable solutions open to it, the legislature, not the railroads nor the courts, has the option of choice. It might declare a definite space measured in lineal feet as the outside limits of such danger and require the railroads to keep such space in what the legislature reasonably determines to be a safe condition with regard to the other portions of the highway under the existing circumstances. This might, in instances of narrow rights of way or of several parallel tracks thereon, throw the outside lines of such danger zone well outside of the right of way and thereby compel the railroads to assume liability for such highway paving beyond their right of way, just as the same rule might in other instances keep the liability well within such right of way. Again, it may, as it undoubtedly has here, consider that, balancing all these things, it will assume liability for the state, or place it upon the body paving or surfacing such highway up to the right of way and limit or extend the railroad's liability and obligation to that strip of land which the railroad has by its own volition declared necessary for its trackage purpose. We cannot declare such legislative decision beyond its power. This view we deem supported by such decisions as *Great Northern R. Co. v. State ex rel. Village of Clara City,* 246 U. S. 434, 38 Sup. Ct. 346, affirming 130 Minn. 480, 153 N. W. 879; *S. C.* 132 Minn. 474, 157 N. W. 1069, L. R. A. 1918D, 1153; *State ex rel. Fairmont v. C., St. P., M. & O. R. Co.* 148 Minn. 91, 180 N. W. 925; *Erie R. Co. v. Pub. Util. Comm'rs,* 254 U. S. 394, 41 Sup. Ct. 169; *Washington T. Co. v. District of Columbia,* 265 Fed. 965.

We do not overlook, but consider immaterial here, the distinction which might be of weight were the power here claimed to be based upon liability predicated on ownership

of adjacent real estate merely, between the law in Minnesota and that here as to liability, or nonliability, for special assessments for street improvements. In Minnesota, as is pointed out in the cases above cited, the railroads there, by their payment of gross-earnings tax, are exempt from special assessments; here, though at first the rule was the same (*Chicago, M. & St. P. R. Co. v. Milwaukee,* 89 Wis. 506, 62 N. W. 417), yet by subsequent statute they are now liable for such. *Chicago, M. & St. P. R. Co. v. Janesville,* 137 Wis. 7, 118 N. W. 182; *Superior v. Lake Superior T. & T. R. Co.* 152 Wis. 389, 140 N. W. 26.

As to the highway space fronting on the so-called depot grounds and beyond the sixty-six-foot right of way, we think there can be no liability placed upon defendant for the paving thereof under the statute above quoted. The plain language of the statute declaring the liability to be for the paving of so much of the public highway "as shall extend upon, over or across *the right of way*" should, when reasonably construed with the purpose of the statute in view, be limited to that strip used for trackage purposes—that which creates the danger at which the regulation is aimed.

The statutory requirements for the condemnation of lands for railroad purposes recognizes a substantial distinction between lands taken for strictly right of way and that taken for other railroad purposes, such as depot grounds, a distinction recently and fully discussed in *Milwaukee E. R. & L. Co. v. Becker, ante,* p. 182, 196 N. W. 575. We see no reason why this distinction should be disregarded here, and therefore hold that the statute invoked does not authorize the including in the judgment of the $405.72 allowed for the surfacing outside of the right of way.

As to the item for the new concrete culvert to replace the iron pipe culvert installed and maintained by defendant and used for the draining of the station grounds and tracks, there being no dispute but that such new culvert is necessary, from an engineering standpoint, in order to safely and

properly carry the new concrete pavement over that portion of the right of way where the culvert is located, we can see no substantial grounds for disturbing the judgment in that regard.

*By the Court.*—Judgment modified by striking therefrom the item for surfacing outside of the right of way, and as so modified affirmed.